IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Thomas L. Shelman, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Powell's Trash Service-Perry Powell[1], )<br>Owner, )<br>)<br>Defendant. )<br>) | Civil Action No. 8:12-3525-HMH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion to dismiss for failure to state a claim (doc. 20). In his complaint, the plaintiff appears to allege a violation of Title VII of the Civil Rights Act of 1964, as amended. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

Plaintiff Thomas Shelman alleges that he interviewed for the position of Preventive Maintenance Technician with the owner of Powell's Trash Service, Perry Powell, and the shop foreman, Tony White, on August, 3, 2011. During that interview, the plaintiff claims Mr. Powell asked him if he had a problem with the use of the "N" word, and he was told that the word was used frequently in the workplace. The plaintiff further alleges that Mr. White stated there were blacks and Hispanics working in the shop and the word "Nigger" is used in humor (comp. 3). As relief, the plaintiff asks that Mr. Powell be held

---

[1] The defendant is misidentified as "Kerry" Powell in the complaint (*see* doc. 20-1, def. m. to dismiss 1 n.1). His proper name is Perry Powell. The Clerk of Court is directed to correct the docket to reflect this change.

accountable for his comments because they are racially discriminatory in nature. He also seeks one million dollars for pain and suffering/punitive damages and asks that Mr. Powell and his staff be required to participate in cultural sensitivity awareness training (*id.* 5).

As an attachment to his complaint, the plaintiff included the Charge of Discrimination he filed with the South Carolina Human Affairs Commission alleging discrimination based on his race (Black) (doc. 1-1 at p. 4). In the charge, the plaintiff made the same allegations as those included in the complaint and further alleged that he "did not accept the job because of management's expectation that I agree to work in a racially hostile work environment" (*id.*).

The defendant filed a motion to dismiss for failure to state a claim on March 5, 2013. On March 6, 2013, an order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) advising the plaintiff of the motion to dismiss procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the motion to dismiss on April 1, 2013.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). "The plausibility standard is not akin to a probability requirement, but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). For purposes of a Rule 12(b)(6) motion, a court may "also consider documents attached to a complaint ... so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

A *pro se* plaintiff's pleadings are accorded liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, "[t]he 'special judicial solicitude' with which a district court should view. . . *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Moreover, while *pro se* complaints are to be construed liberally, "judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Title VII prohibits an employer from "fail[ing] or refus[ing] to hire or . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e–2(a). In *Swierkiewicz v. Sorema N.A.*, the Supreme Court of the United States held that an employment discrimination complaint need not contain specific facts establishing a *prima facie* case of discrimination under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) framework but instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz*, 534 U.S. 506, 511 (2002). In a decision issued less than one year after *Swierkiewicz* and in the context of a hostile work environment claim, the Fourth Circuit Court of Appeals upheld dismissal of a Title VII claim under Rule 12(b)(6), finding the plaintiff failed to allege facts sufficient to support two of the four elements of a hostile work environment claim. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) ("Our circuit has not, however, interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim.").[2] In *Bass*, the court stated:

> While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief. The words "hostile work environment" are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting

---

[2] As noted by the Honorable Henry M. Herlong, Jr., Senior United States District Judge, there is an obvious tension between *Bass* and *Swierkiewicz*; however, "the court 'is bound to follow the Fourth Circuit's interpretation of *Swierkiewicz*.'" *Jones v. Karnick, Inc.,* C.A. No. 8:11-1554-HMH-JDA, 2012 WL 13774, at *2 (D.S.C. Jan. 3, 2012) (quoting *Cockerham v. Stokes County Bd. of Educ.*, 302 F.Supp.2d 490, 495 (M.D.N.C. 2004)). In two recent unpublished cases, the Fourth Circuit found that the district court erred in requiring the plaintiff alleging an employment discrimination claim to demonstrate a *prima facie* case in order to survive a motion to dismiss. *See Craddock v. Lincoln Nat. Life Ins. Co.*, No. 13-1123, 2013 WL 3782786, at *2-3 (4th Cir. July 22, 2013) and *Bala v. Commonwealth of Virginia Dept. of Conservation and Recreation*, No. 13-1127, 2013 WL 3359268, at *2 (4th Cir. July 5, 2013). However, unpublished opinions are not binding precedent in this circuit.

4

>those words, construed liberally, which are the proper focus at the motion to dismiss stage.

*Id.*

To the extent the plaintiff's allegations may be construed to allege race-based discrimination in the form of a hostile work environment, his allegations fail to state a claim as a matter of law. To state a racially hostile work environment under Title VII, the plaintiff must allege that (1) he experienced unwelcome conduct, (2) that was based on his race, (3) that was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment, and (4) that is imputable to his employer. *See id*.

Taking the plaintiff's allegations as true, Mr. Powell and Mr. White asked the plaintiff if he had a problem with the use of the "N" word, and he was told that the word was used frequently in humor in the workplace. The plaintiff has failed to allege facts to show the offending conduct was sufficiently severe or pervasive to create a hostile work environment. *See Jordan v. Alternative Resources Corp.*, 467 F.3d 378, 379–80 (4th Cir.2006) (generally discussing "Title VII jurisprudence that recognizes a difference between an isolated racial slur, which is always and everywhere inappropriate, and the sort of severe or pervasive conduct that creates a hostile work environment"). It appears that the plaintiff contends that he was "constructively" denied an employment opportunity because a racially charged work environment existed at the defendant's place of employment. Such a claim would be analogous to a constructive discharge claim under Title VII:

>To establish constructive discharge resulting from harassment by a supervisor, a litigant must make a "showing" beyond that required to demonstrate hostile work environment. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 133–34 (2004). Hostile work environment is the "lesser included component" of "hostile-environment constructive discharge," *id*. at 149, and "[c]reation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case." *Id*. (emphasis added).

*Butts v. Encore Marketing Intern.*, Civil No. PJM 10-3244, 2012 WL 3257595, at *6 (D. Md. Aug. 7, 2012) (granting Rule 12(b)(6) motion to dismiss Title VII hostile work environment and constructive discharge claims). In order to establish the elements of a constructive discharge claim, a plaintiff must allege (1) the deliberateness of the employer's actions and (2) intolerability of the working conditions. *See Matvia v. Bald Head Island Mgmt.*, 259 F.3d 261, 272 (4th Cir. 2001) (citing *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1353–54 (4th Cir.1995)).

As argued by the defendant, this is not a case where the decisionmaker made derogatory racial remarks that could raise the inference that the hiring decision was based on a discriminatory motive. Here, the plaintiff alleges that the decisionmaker repeated comments made by employees who had no part in the hiring process, and the plaintiff was offered the position for which he was interviewing. The plaintiff's complaint also fails to include plausible allegations that the defendant deliberately intended to make the working conditions sound so intolerable that the plaintiff would not take the position he was offered. The essence of the plaintiff's complaint is that he did not take the job because he *potentially* could have suffered a racially hostile work environment. However, "the law has never protected employees in connection with their complaints about *potential* or *future* violations that they feared might occur." *Jordan*, 467 F.3d at 379 (emphasis in original) (denying rehearing *en banc* in case affirming district court's dismissal under Rule 12(b)(6) of Title VII retaliation claim). As the plaintiff has failed to state a claim to relief that is plausible on its face, the complaint should be dismissed. [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Twombly*, 550 U.S. at 558 (quoting 5 Wright & Miller § 1216, at 233-34).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 20) should be granted.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

August 29, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).